**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**

January 31, 2008

Peter S. Pearlman
Cohn, Lifland, Pearlman, Herrman & Knopf, LLP
Park 80 Plaza West One
Saddle Brook. NJ 07663

Theodore M. Lieverman
Spector, Roseman & Kodroff, PC
1818 Market Street, Suite 2500
Philadelphia, PA 19103

Kathleen Heather Robinson
Dechert LLP
Princeton Pike Corporate Center
977 Lenox Dr.
Bldg. 3, Suite 210
Lawrenceville, NJ 08648

    **Re:** **DIK Drug Co., et al. v. Altana Pharma AG, et al., No. 07-5849 (JLL)**
          **James T. Fawcett v. Altana Pharma AG, et al., No. 07-6133 (JLL)**
          **Painters Dist. Council No. 30 Health & Welfare Fund v. Altana Pharma AG et al., No. 07-6150 (JLL)**

Dear Counsel:

    Currently before the Court is a joint application by the parties in <u>DIK Drug Co., et al. v. Altana Pharma AG, et al.</u>, No. 07-5849. The parties ask the Court to (1) extend Defendants' time to answer, plead or otherwise respond to Plaintiffs' complaint and (2) grant Defendants leave to file a motion to stay this action *only*, pending resolution of the underlying patent claim in <u>Altana Pharma AG v. Teva Pharmaceuticals USA, Inc., et al.</u>, Nos. 04-2355, 05-1966, 05-3920, 06-3672 (the "Altana Patent Litigation"). The Court has considered the parties' request, and, for the reasons that follow, the Court: (a) consolidates <u>DIK Drug Co., et al. v. Altana Pharma AG et al.</u>,

1

No. 07-5849, Fawcett v. Altana Pharma AG et al., No. 07-6133, and Painters Dist. Council No. 30 Health & Welfare Fund v. Altana Pharma AG et al., No. 07-6150; (b) stays the foregoing matters; and (c) dismisses the instant application as moot.

I.      **Procedural History**

On September 6, 2007, this Court issued an order in the Altana Patent Litigation, denying Plaintiffs' motion for a preliminary injunction. Three months later, Plaintiffs (1) DIK Drug Co. and King Drug Company of Florence, Inc., (2) James T. Fawcett, and (3) Painters District Council No. 30 Health & Welfare Fund each filed similar class action complaints, (collectively referred to as "Altana Antitrust Litigation") on behalf of themselves and all others similarly situated. All three complaints allege, in relevant part, that (a) the '579 Patent – at issue in the Altana Patent Litigation – was obtained by fraud and is therefore unenforceable or otherwise invalid, (b) Altana initiated the baseless Altana Patent Litigation against potential generic competitors despite knowing that the '579 Patent is unenforceable or otherwise invalid so as to prevent approval of the generic competitors, and (c) in doing so, unlawfully blocked generic competition and deprived plaintiffs of access to lower-priced generic versions of Protonix, in violation of Section 2 of the Sherman Act.

On January 23, 2008, the parties in DIK Drug Co., et al. v. Altana Pharma AG, et al., No. 07-5849, filed the instant application for leave to file a motion to stay this action pending the outcome of the Altana Patent Litigation and to extend Defendants' time to answer, plead or otherwise respond to Plaintiffs' complaint. No other parties have made similar requests nor have they joined in the instant request.

II.     **Discussion**

     A.      **Consolidation of the Altana Antitrust Litigation**

Rule 42(a) of the Federal Rules of Civil Procedure states that "[w]hen actions involving a common question of law or fact are pending before the court, it may order . . . all the actions consolidated . . . ." Fed. R. Civ. P. 42(a). "Rule 42(a) of the Federal Rules of Civil Procedure confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice." Ellerman Lines, Limited v. Atlantic & Gulf Stevedores, Inc., 339 F.2d 673, 675 (3d Cir. 1964). The three cases currently at issue are based on the same set of operative facts; therefore, Civil Action Nos. 07-5849, 07-6150, and 07-6113 are hereby consolidated in the interest of judicial economy.

     B.      **Stay of the Altana Antitrust Litigation**

A district court may appropriately enter a stay when resolution of a matter currently pending before the Court will aid in the resolution of the matter stayed. See Cheyney State Coll. Faculty v. Hufstedler, 703 F.2d 732, 738 (3d Cir. 1982); see generally Landis v. North Am. Co.,

2

299 U.S. 248, 254-55 (1936).  It is clear to the Court that the claims at issue in the Altana Antitrust Litigation necessarily rise or fall with the validity determination currently at issue in the Altana Patent Litigation.  Therefore, based on this Court's inherent power to control its docket and in the interest of efficient judicial administration, the Court hereby stays the Altana Antitrust Litigation pending the outcome of the Altana Patent Litigation.

**III.** **Conclusion**

For the aforementioned reasons, the Court (a) consolidates the three cases comprising the Altana Antitrust Litigation; (b) stays the Altana Antitrust Litigation; and (c) dismisses the parties' instant application as moot.  An appropriate Order accompanies this Letter Opinion.

Sincerely,

/s/ Jose L. Linares
United States District Judge